# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND; and CHARLES A. WHOBREY, as Trustee,<br><br>*Plaintiffs,*<br><br>v.<br><br>HOLLISTON HOLDINGS, LLC, a Tennessee Limited Liability Company; and ERIC COOK, an individual,<br><br>*Defendants.* | Case No. 22-cv-2479<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Health and Welfare Fund (the "Health Fund") and Charles A. Whobrey, one of the Health Fund's present trustees, allege as follows:

### JURISDICTION AND VENUE

1.  This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and is a suit to recover employer contributions owed to the Health Fund by Defendants in accordance with applicable collective bargaining and trust fund agreements.

2.  This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3.  Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Health Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Chicago, Illinois. Venue is also proper in this Court

pursuant to the forum selection clause contained in the Health Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Health Fund is an employee benefit plan and trust, with its principal and exclusive office located at 8647 West Higgins Road in Chicago, Illinois.

5. The Health Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing health and welfare benefits to participants and beneficiaries of the Health Fund and paying the administrative expenses of the Health Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Health Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Health Fund and their participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Holliston Holdings, LLC ("Holliston") is a limited liability company organized under the laws of the State of Tennessee. Holliston is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

8. Defendant Eric Cook ("Cook") is and has been President of Holliston at all relevant times.

## BACKGROUND INFORMATION

9. Local Union No. 519 ("Local 519") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Holliston and employees of other employers in industries affecting interstate commerce.

10. During all relevant times, Holliston and Local 519 have been parties to a collective bargaining agreement pursuant to which Holliston has been required to make contributions to the Health Fund on behalf of certain of its covered employees (the "CBA").

11. Holliston and Local 519 are also parties to a Participation Agreement which requires Holliston to pay contributions to the Health Fund.

12. Holliston agreed to be bound by the terms of the Health Fund Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

13. Under Article III, Section 1 of the Trust Agreement, Holliston is required to "remit continuing and prompt Employer Contributions to the [Health Fund] as required by the applicable collective bargaining agreement, participation agreement, this Agreement and/or other written agreement to which the Employer is a party, applicable law and all rules and requirements for participation by Employers in the Health Fund as established and interpreted by the Trustees in accordance with their authority . . . ."

14. Article XI, Section 4 of the Trust Agreement provides that:

Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged

to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater). Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

15. The Health Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Health Fund bills the employers for contributions.

## STATUTORY AUTHORITY

16. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A)    the unpaid contributions,
>
> (B)    interest on the unpaid contributions,

    (C)    an amount equal to the greater of--

        (i)    interest on the unpaid contributions, or

        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

    (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

    (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I - DELINQUENT CONTRIBUTIONS

18.    During the period of January 30, 2022 through March 26, 2022, Holliston reported the work history of its covered employees to the Health Fund.

19.    Holliston has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed to the Health Fund based upon the employee work history reported to the Health Fund by Holliston during the period of January 30, 2022 through March 26, 2022 which are now past due.

20.    Despite demands that Holliston perform its statutory and contractual obligations with respect to making contributions to the Health Fund, Holliston has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 19.

21. Holliston owes the Health Fund $137,039.12 for unpaid contributions (not including interest) for the period of January 30, 2022 through March 26, 2022, as a result of the conduct set forth in paragraph 20.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant Holliston in favor of the Health Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Health Fund based upon the employee work history reported by Holliston;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

## COUNT II – BREACH OF FIDUCIARY DUTY

22. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 21 of this Complaint as though fully set forth herein.

23. Pursuant to Article 25 of the CBA between Holliston and Local 519, Holliston is authorized to deduct 20% of the costs of healthcare coverage provided by the Health Fund from each covered employee's bi-weekly paycheck (the "Employee Contributions").

24. Upon information and belief, Holliston deducted the agreed-upon Employee Contributions from its employees' paychecks for the period of January 30, 2022 through March 26, 2022 and has continued to do so.

25. After their withholding by Holliston, the Employee Contributions became "plan assets" within the meaning of 29 C.F.R. § 2510.3–102(a).

26. Upon information and belief, Defendant Cook exercised control over Holliston's finances and payments from January 30, 2022 through the present. After January 30, 2022, Defendant Cook failed to cause Holliston to pay the Employee Contributions to the Health Fund and instead directed that the withheld amounts be disbursed to persons or entities other than the Health Fund or retained by Holliston.

27. Defendant Cook is a "fiduciary" with respect to the Health Fund pursuant to sections 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. § 1002(21)(A)(i) and (iii), because he exercised control over assets of the Health Fund, namely the Employee Contributions.

28. Defendant Cook has breached his fiduciary duties under ERISA by failing to forward the Employee Contributions to the Health Fund for the period of January 30, 2022 through at least March 26, 2022.

29. Defendant Cook owes the Health Fund past due amounts unknown for misappropriated Fund assets (not including interest) for the period of January 30, 2022 through at least March 26, 2022 as a result of the conduct set forth in paragraph 28.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant Cook in favor of the Health Fund, pursuant to sections 409(a) and 502(g)(1) of ERISA, 29 U.S.C. §§ 1109(a), 1132(g)(1), for:

    (i) all plan assets Cook failed to forward to the Health Fund through the date of the judgment;

    (ii) interest on such plan assets computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) an annualized interest rate of 7.5%;

    (iii) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually;

(c) For such further or different relief as this Court may deem proper and just.

## COUNT III - EQUITABLE RELIEF

30. Plaintiffs incorporate the allegations of paragraphs 1 through 29 as if fully restated herein.

31. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides that, "A civil action may be brought-"

> by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. . .

32. Pursuant to the CBA, the Participation Agreement, and the Trust Agreement, Holliston is subject to an ongoing obligation to pay contributions to the Health Fund, but Holliston has consistently failed to pay its monthly obligations since at least January 30, 2022. Furthermore, Holliston's contributions for December 2021 and January 2022 were each remitted approximately one month late.

33. Holliston has never disputed its obligation to make ongoing monthly contributions and has advised the Health Fund that its failure to make the promised contributions to the Health Fund that are past due is due to Holliston's poor financial condition.

34. Holliston's next monthly contribution (for the period from March 27, 2022 through April 30, 2022) is due on May 15, 2022 and is estimated by the Health Fund to be approximately $110,287.00.

35. The Health Fund has no adequate remedy at law to prevent Defendants' continued refusal to comply with the terms of the CBA, the Participation Agreement, and the Trust Agreement.

36. Unless Defendants are enjoined from failing to comply with their obligation to submit the required benefit contributions, the Health Fund will suffer irreparable harm.

37. Eligibility for health insurance coverage under the Health Fund's Plan document depends upon contributions paid on behalf of an employee. The failure of Holliston to pay required contributions to the Health Fund causes irreparable harm to the employees of Holliston because it

threatens the employees' current and future eligibility for health benefit coverage. Holliston is scheduled to be placed on suspension of benefits status if it does not fully pay its delinquency by May 13, 2022, so the payment of claims of its approximately 60 covered employees and their covered dependents will not be paid after that date until Holliston satisfies its obligations.

38. Further, employer delinquencies such as those incurred by Holliston adversely affect the Health Fund's ability to meet funding standards, and negatively impact the financial integrity of the Health Fund.

39. In addition, Holliston's continued delinquency will cause the Health Fund to lose the benefit of interest income that it would otherwise earn and cause the Health Fund to incur additional administrative expenses in connection with the detection and remedying of the delinquencies.

[**Remainder of Page Intentionally Left Blank**]

**WHEREFORE**, Plaintiffs request the following relief:

(a) An order to show cause why Defendants should not be enjoined from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(b) A preliminary injunction enjoining Defendants from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(c) A permanent injunction enjoining Defendants from violating the provisions of ERISA, the CBA, the Participation Agreement, and the Trust Agreement;

(d) An order enjoining Defendants from distributing Holliston's assets outside the ordinary and normal course of its business during the pendency of this proceeding without providing the Health Fund written notice at least 14 days before such distribution; and

(e) Such further or different relief as the Court may deem proper and just.

Respectfully submitted,

*/s/ Daniel E. Sullivan*
Daniel E. Sullivan
(ARDC #6330522)
CENTRAL STATES FUNDS
Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-582-5078
Dsulliva@centralstatesfunds.org

May 11, 2022                              *ATTORNEY FOR PLAINTIFFS*